IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLISLE WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-2338 |
| | : | |
| ROYAL KING EXPRESS, INC. and | : | |
| RAJDEEP SINGH | : | |

### MEMORANDUM

**Judge Juan R. Sánchez**                                                                                 **June 12, 2025**

Plaintiff Carlisle Wilson was involved in a motor vehicle accident in November 2023. For the injuries he sustained during the accident, Wilson brings this negligence action against the other driver, Defendant Rajdeep Singh, and Singh's employer, Defendant Royal King Express, Inc. Both defendants have failed to timely appear in this case and as a result, the Court entered defaults against them. Now, Wilson moves for default judgment and damages to compensate for his outstanding medical expenses, pain and suffering, and lost wages. The Court will grant Wilson default judgment and finds that an award of $89,565.40 accurately reflects his damages.

### BACKGROUND

Plaintiff Carlisle Wilson alleges that on November 3, 2023, Defendant Rajdeep Singh negligently drove his tractor-trailer into Wilson's tractor-trailer while Wilson was legally parked on the side of road at 805 Pennsylvania Boulevard in Lower Southampton, Pennsylvania. Compl. ¶ 8. At the time, Singh was employed by Defendant Royal King Express, Inc. ("Royal King") and acting within the scope of his employment. *Id.* ¶ 9. Royal King owned the truck driven by Singh. ECF No. 17-1 at 2. The Lower Southampton Township Police Department responded to the incident and found that Singh had engaged in "Careless Driving-General." *Id.* The incident report described that the trailer of Singh's truck "made contact with the cab of [Wilson's truck]" and

1

that the light and corner panel of Wilson's vehicle appeared damaged. *Id.* at 4. The report listed no violations for Wilson. *Id.* at 3. Wilson claims he suffered permanent injuries and significant financial harm as a result of the accident. Compl. ¶ 12.

Following the accident, Wilson underwent treatment for his injuries, including an emergency room visit to Jefferson Methodist Hospital, physical therapy at iTreat Physical Therapy and at Pain Management & MRI, treatment with pain specialist Dr. Rajan Gupta, and an MRI of his right shoulder. ECF No. 17 at 11. On November 16, 2023, Wilson saw Dr. Rajan Gupta for a new patient visit and complained of "[p]ain start[ing] on 11/03/2023" that impacted his neck, upper right extremity, right shoulder region, mid and low back, and left and right lower extremities. ECF No. 17-2 at 19. The record for the visit described the injuries as stemming from a motor vehicle accident on November 3, 2023, in which Wilson was "hit by a truck in rear" while stopped in his own vehicle. *Id.* at 20. Dr. Gupta concluded that "[b]ased on the patient[']s history and mechanisms of injury, physical exam, in my medical opinion patient has sustained injuries from the accident of 11/03/2023. . . ." *Id.* at 21. Dr. Gupta then diagnosed Wilson with sprained ligaments of the lumbar spine, lumbar radiculopathy, lumbar intervertebral disc displacement, sprain of neck joints and ligaments, cervical radiculopathy, cervical disc displacement, and sprain in the thorax. *Id.* at 21. Dr. Gupta recommended further diagnostic procedures and treatments including CT/MRI, electromyography, home exercises, medication, and eventually, steroid injections. *Id.* at 21-22. Following the initial visit, Wilson had follow-up visits with Dr. Gupta to further diagnose and treat his injuries on December 6, 2023, March 24, 2024, and April 16, 2024. *Id.* at 5-18. Wilson also underwent an MRI at Delaware MRI on May 2, 2024, the results of which Wilson claims "confirmed rotator cuff tears . . . causally-connected to the subject collision." *Id.*

at 1; ECF No. 17 at 11. Wilson currently has outstanding balances for the visits to Dr. Gupta and Delaware MRI totaling $4,565.40. ECF No. 17-4 at 1-2.

In May 2024, Wilson brought this action against Singh for his negligent driving and against Royal King Express, Inc. as Singh's employer. *Id.* Following a first unsuccessful attempt to serve Defendants, Wilson properly served Defendants on September 17, 2024, filing proof to that effect on September 23, 2024. ECF Nos. 11, 12. For Defendants' failure to timely respond to the Complaint, Wilson moved for default on October 10, 2024, and Defendants' defaults were entered the same day. ECF Nos. 13-15. Wilson now moves for a default judgment. ECF No. 17.

**LEGAL STANDARD**

Once a party moves for a default judgment under Federal Rule of Civil Procedure 55(b), a district court has significant discretion to determine whether that remedy is appropriate. *See Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 131-32 (E.D. Pa. 2022). In making its determination, a district court must consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). In assessing the second factor, courts may presume absent defendants have no meritorious defense because it is "not the court's responsibility to research the law and construct the parties' arguments for them." *Zurich*, 644 F. Supp. 3d at 140 (citation omitted). A court may also consider other factors, including whether the complaint presents a legitimate cause of action, whether service was proper, and whether the court has jurisdiction. *See id.* at 132. In entering a default judgment, a court accepts the factual allegations of the complaint as true. *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022).

However, statements pertaining to the award of damages, conclusory allegations, and legal conclusions need not be accepted. *Zurich*, 644 F. Supp. 3d at 133.

**DISCUSSION**

The Court will grant Wilson default judgment. A review of the Complaint indicates that Wilson has legitimate negligence claims and that Singh is culpable. Specifically, the police report attributed the accident to Singh's careless driving and listed no violations for Wilson, who was legally parked at the time. ECF No. 17-1 at 2, 3; *see Morello v. Kenco Toyota Lift*, 142 F. Supp. 3d 378, 382 (E.D. Pa. 2015) (describing the elements of a negligence claim under Pennsylvania law). Moreover, a failure to enter default judgment will further prejudice Wilson, who has outstanding medical bills and continues to experience physical pain because of the accident. The Court is also persuaded that default judgment is appropriate because both Defendants have been properly served, and because the Court has jurisdiction over the matter under 28 U.S.C. § 1332.

Where entering a default judgment, a court must determine the damages amount, unless the damages are for a sum certain. *PPG Indus.*, 47 F.4th at 161. Plaintiffs bear the burden of proving their damages, although damages need not be proven with "mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences." *Id.* (citation omitted). In a negligence action, a plaintiff is entitled to recover unless their own negligence is greater than that of the defendant. *Trojecki v. United States*, No. 11-5379, 2014 WL 1202554, at *11 (E.D. Pa. Mar. 21, 2014).

In his motion and at the damages hearing, Wilson argued he is owed damages for his outstanding medical bills, pain and suffering, and lost wages. The Court finds Wilson is entitled to recover damages in the first two categories, but not the third. First, Wilson is entitled to recover

his outstanding medical bills, totaling $4,565.40. *See Trojecki*, 2014 WL 1202554, at *12 (awarding medical expenses to plaintiff in a negligence action).

Second, the Court will award Wilson damages for the pain and suffering incurred due to his many injuries. While such damages are difficult to precisely calculate, the Court finds that an award of $85,000 reflects the seriousness and impact of Wilson's injury. At the damages hearing, Wilson credibly testified that he continues to experience pain and limited mobility because of his injuries. Specifically, he testified to experiencing disrupted sleep and feeling sharp pain from his shoulder to his leg especially after a day of driving and at night. Tr. Damages Hr'g 35:15-35:04, Dec. 11, 2024, ECF No. 21. Wilson is also no longer able to lift his hand above his head or drive stick shift vehicles given the pain in his right shoulder. *Id.*, 21:20-22:20, 25:15-36:06. Wilson's pain and suffering is similar to that experienced by the plaintiff in *Trojecki*, in which the court awarded $90,000 for a shoulder injury from which the plaintiff experienced continuing pain and physical limitations even after three surgeries and three courses of physical therapy. 2014 WL 1202554, at *7-8. However, unlike in *Trojecki*, Wilson has not yet pursued all available treatments. *See Nicholson v. Esteves*, No. 08-3776, 2010 WL 914931, at *7 (E.D. Pa. Mar. 12, 2010) (reducing award due to lack of timely treatment). Future treatment—such as surgery—may reduce Wilson's pain, contrasting situations in which a plaintiff's pain is constant despite all efforts. Considering these factors, the Court will award Wilson $85,000.

Lastly, the Court turns to Wilson's request for compensation for lost wages. An award for damages may include compensation for lost wages, so long as the loss is a result of the defendant's negligence, and the plaintiff establishes with reasonable certainty that they could not perform their job. *Chebbani v. U.S. Dep't of Agric.*, No. 21-04298, 2023 WL 6626132, at *22 (E.D. Pa. Oct. 11, 2023). To prove damages, "a plaintiff must give a fact-finder evidence from which

damages may be calculated to a reasonable certainty." *Id.* (citation omitted). The evidence of Wilson's lost wages in this case is sparse. At the hearing, Wilson testified that because of his pain, he is no longer able to drive for as many hours as he used to, resulting in an estimated salary reduction of $1,000 to $1,500 less per week. Tr. Damages Hr'g 19:48-20:20, Dec. 11, 2024, ECF No. 21. However, Wilson did not provide a basis for this rough estimate, did not submit any additional evidence to back up it up, nor is it clear for how many months he incurred lost wages. Moreover, Wilson also did not present any evidence to assist the Court in calculating Wilson's potential wage loss should he miss work for surgery. Without more, the Court does not find the wage loss claims credible and will not award compensation for lost wages.

**CONCLUSION**

Because Wilson will be prejudiced if default is denied and because his claims are legitimate—and because Defendants appear culpable and do not appear to have a litigable defense—the Court will grant Wilson default judgment. Moreover, the Court will award Wilson $89,565.40 in damages to compensate for his outstanding medical expenses and his pain and suffering, albeit not for any lost wages.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez   
Juan R. Sánchez, J.